## No. 3.

#### JERUSHA ROBINSON Guardian to JOHN S. ROBINSON Ap't.
*against*
#### MOSES ROBINSON and others. *Bennington,* 1818.

A receipt executed by a son to his father, for a certain sum, in full of his share, as heir to his father's estate, held to be only evidence of an advancement to the amount therein mentioned, and not to bar the son of his share as heir.

The expences of a college education a proper item to be charged as an advancement, if the father chooses so to charge it.

THIS case was an appeal from the decree of the Judge of Probate, rendered May 8, 1815 : The exceptions to the decree were as follows : "That whereas the said Court of Probate, on the day and year last aforesaid, did, among other things, consider, adjudge and decree, that Moses Robinson, son of the said Moses Robinson, deceased, was entitled to one sixth part of the estate of said Moses Robinson, deceased. of which he

died possessed; when in truth and fact, the said Moses Robinson, the younger, did, on the 7th day of July, A. D. 1786, by writing, under his hand, made, executed, and delivered by him, the said Moses, the younger, to him, the said Moses, deceased, then in full life, the date whereof is the same day and year last aforesaid, in and by which said writing, the said Moses, the younger, for and in consideration of the sum of five hundred pounds lawful money, promised and agreed to and with his said father, that the said five hundred pounds should be in full of all his father's estate, which he, the said father, should die possessed of, and that the same, whatever it might be, should be for the sole benefit of the other children of his said father." The appellant also excepts to the allowance of $2430,55, as an advancement to Nathan Robinson, father of said John S. Robinson, in which was included an item for Colledge education, charged by the deceased, but not carried out at any price by him, but estimated by the Judge of Probate, at $800.

Copy of the writing set forth in the exceptions :

"July 7, 1786. Received of my honoured father, five hundred pounds, in a farm together with one yoke of oxen and a mare, which is to be in full of my father's estate ; provided that I am not called to be at any trouble about selling said estate.

"MOSES ROBINSON, Jun."

In support of the exceptions, Robinson, for appellant, contended,

1. That maintenance, money, &c. at the University, or for education, shall not be deemed a part of a child's advancement.   2 Bac. 254.   3 Bac. 76.   Toller 379.   2 P. Wm. 449. Levin p. 3, s. 18.

2. The receipt executed by Moses Robinson to his father, in his life time, is a complete bar to any other or farther claim, both in law and equity.   3 Mass. Rep. 143.   Quarles v. Quarles, 4 Mass. Rep. 680.

It *further* appears from the general nature of contracts.

A contract for a valuable consideration, for marriage, &c. or for other reciprocal contract, can never be impeached, at law, and, if the consideration be of sufficient adequate value, can never be set aside in equity. Com. on Con. 8, note 2. Bla. Com. 444.

If the contract be fair, in its *creation*, it shall not be affected by a subsequent event, which has thrown the advantage greatly or wholly on one side. 1 Bac. 109.

Solemn conveyances, releases, and agreements, are not slightly to be set aside ; equity will not, therefore, avoid a reasonable and fair agreement, though founded on mistake, or the party were intoxicated, in person, or some paternal authority were exercised, and some benefit to accrue to the father, under it. 1 Bac. 111, note.

A contract or agreement must be unlawful, at the time of making, otherwise, it cannot be set aside, for it is said, the law knows of no contract, but what is good, or bad, at the time of making, it cannot be one or the other, according to a subsequent contingency. 1 Com. on Con. 31.

If George Robinson had died worth nothing, or worth less than he was, at the time of the execution of the release, and the other heirs claimed, that Moses should bring what he had received, into hotchpot, as being more than his share ; would it not then be contended that the contract between Moses and his father, was valid ?

It is certain the property was not given to Moses as an advancement, unless it was an advancement given and accepted expressly *as such in full.*

The custom of the city of London, is the remains of the common law, and was originally the common law over the whole realm, so that the decisions, under that custom, are the decisions as at common law. 2 Bac. 250. 2 Bl. Com. 490, 516.

Where a child, though an only child, has been advanced, and the amount of advancement does not appear, he shall be deemed fully advanced. 1 Atk. 407.

It may be asked, what becomes of the remainder? The child takes it as next of kin to the deceased, but if there had been any other in equal degree, he had been barred:

If there be a devise of a term for years to A. for life, remainder to B, B may release his right to A, and such release shall extinguish his right, though it was objected that B had only a possibility, at the time of the release made. Lampet case 10. Co. 47. 5 Bac. 705.

But B could not assign his right to a stranger, it being a mere possibility. Lampet's case, 1 Bac. 249. 5 Bac. 705.

In every case where he to whom the release is made, hath the freehold in deed or in law, at the time of the release, then the release is good. 2 Co. Inst. Sec. 447.

*Contra.* Skinner for appellees.

By the Statute, directing the descent and distribution of *intestate* estates, *all* the children are entitled, excepting such as are excluded by the 27th Section, by reason of advancement.

The 35th Section directs what shall be received as *evidence* of such advancement; it is not contended, but that the receipt, given by M. Robinson, Jun. to M. Robinson. Sen. is such *memorandum* as the Statute contemplates, and is to be considered as advancement :—If the father is disposed to cut off a child from the inheritance, he can do it, only by *deed* or *will.*

In England, the father dying intestate, a child advanced, can claim nothing farther, under the Statute of Charles, unless he brings such advancement into hotchpot. 2 Bac. Tit. Exrs. and Adm. 3 Bac. 72, 76.

It has been said, that as Moses Robinson, the younger, would not be liable to refund to the other heirs, in case the father's property had diminished, he ought to claim no more, although it has increased ; this surely can have no weight, as every case of advancement, contemplated by the Statute, is liable to the same objection.

The instrument which, the appellant contends, ought to exclude Moses Robinson from a share, if it is not considered, as

a *memorandum*, operating by way of advancement, must be considered either,

1. A release, or

2. A contract, made with the intestate, not to claim that portion of the estate, to which the Son is entitled, under the Statute, and for a breach of which, he is liable to the executor or administrator in action—or .

3. A contract which a Court of Chancery would enforce against him.

It is believed, it is *that* which is unknown to, and not recognized, by the law, unless it be considered as above explained—

1. The instrument is not good as a *release*, not having the legal requisites to constitute a good *release* of goods or chattels, and more especially of an estate in lands : It must be, by *deed*, and no case is to be found where a Seal is dispensed with. 4 Bac. 265. 5 Bac. 682. Shep. T. 323. 1 vol. Vt. Stat. 188–9.

2. There was no such interest, in Moses Robinson, Jun. as could be released by him. A release is where a man quits, or renounces, that which he before had. 6 Com. D. 183. Shep. T. 320–3.

A release does not extend to a future right, as by an heir, the father living. 6 Com. D. 187. 4 Bac. 283. 5 Bac. 704. Co. Lit. 265. 10 Co. 51. Shep. T. 321.

A mere *possibility* cannot be released ; a release supposes a *right* of some sort in being. 4 Bac. 284. 5 Bac. 704–5. 5 Jac. L. D. 433.

A Son cannot bargain and sell or release the inheritance. Bac. 275. Co. Lit. 265. 4 Bac. 283.

It is said at *law*, if he releases with warranty, he is barred by rebutter, Co. Lit. 265, but chancery will relieve in all such cases. 2 Powell on contracts 184–5–6.

It is confidently believed that no case can be found in which an heir can convey his expectancy ; the very nature of the case forbids it ; there is no *right*, no *interest* in the child.

The Statute that gives two shares to a Son, if the father dies to-day, may, to-morrow, be repealed or altered, and he have but one, or none, or the whole.

It has been contended, in this case, that the *custom of London* would give effect to the receipt so as to deprive Moses Robinson of his share.

It is not believed, that the Court will consider, that the custom of London, or any other local custom, will govern in the decision; the custom of London is excepted, out of the Statute of Charles, called the Statute of Distribution. Our Statute of Distribution has not excepted the custom of London, and as no such doctrine was ever held, or question made, under the custom of London, it could not have been expected, that any such would have been attempted under *our* Statute ; if the custom of London is to prevail, it will be necessary to examine the whole, for which see 2 Sal. 426–7. 4 Jac. L. D. 194–5–6. 4 Com. Dig. 287–8–9. 2 Bac. 245.

It is contended, however, that was the Court to be governed in their decision, by the custom of London, the instrument here shewn, could not exclude the claim of the appellee.

1. Because the custom applies *only* to *personal* and not to *real* estate. 1 Eq. cases 150. 2 Co. 593. 1 Bac. 683. 2 Bac. 294. 4 Cam. 284.

*Real* estate does not constitute an advancement. 4 Com. 286. 1 Bac. 686.

2. Because the cases produced, are all cases of releases, that is by *deed*.

3. Because such release is void at law. 4 Bac. 284. 5 Bac. 705. Toller 399. Equity considers it a waiver of the orphanage share, and that only under restrictions.

It would seem, that in order to make such release valid, it must have been for advancement, for trade, or for marriage. 4 Com. D. 290, 2 Atk. 160. 2 Bacon 152, note.

4. Because the release can never, in equity, operate upon any thing, but the *orphanage part*, not on the dead man's

share; or that which goes in a course of distribution under the Statute. Lex. Test, 426.

The appellant being a grand child, and who sets up the custom of London, to exclude the appellee, would, by that custom, be himself excluded: 1 Bac. 685. 2 Salk. 426. 4 Com. 286. 2 Bac. 251.

The Court decided; that the Son has no interest in his father's estate, on which, a release executed during the life of the parent, can operate; that the custom of London cannot apply in this State; as the child, according to that custom, was entitled to a share, of which the parent could not deprive him by *will*, consequently he had a *right*; on which a release could operate ; but, in this State, no such *right* exists, and the instrument under consideration must be inoperative ; the decree of the Court of Probate, adjudging one sixth part of the estate of the deceased, to Moses Robinson, was affirmed, but the decree charging Nathan Robinson with $800, as an advancement, for college education, was reversed, the Court being of opinion, that the deceased did not intend it as an advancement, from the manner of its being charged. Judges Chace and Brayton were of opinion that college education was a proper item to be charged as an advancement, if the father thought proper so to charge it. Judge Doolittle dissenting, both as to the right of appellee to a share of the estate and the propriety of charging college education as advancement.